## Cutler v. Cutler

*Jerome H. Harwitz* and *Michael H. Egnal*, for plaintiff.

*Morris Gerber*, for defendant.

HONEYMAN, J., January 23, 1961.—In this action for divorce, brought by husband against wife, the complaint is based upon indignities to the person. Plaintiff filed his bill of particulars, and, after defendant's petition for a more specific bill of particulars, he filed a supplemental bill of particulars. Between them, they contain a total of 59 allegations. Some allegations contain general averments of conduct on the part of defendant, but many others contain specific times, places and dates. Likewise, there are numerous other individuals mentioned in many of the allegations who were witnesses to the alleged conduct or in whose presence certain alleged acts were done by defendant or in whose presence certain remarks were made by her. If plaintiff succeeded in carrying his burden of proving that which he alleged by competent and credible evidence and proved that he was an injured and innocent spouse, he, in the opinion of the writer, would be entitled to a decree in divorce a. v. m.

Plaintiff moved for the appointment of a master on December 2, 1960. On December 22, 1960, counsel for defendant filed a notice of taking oral depositions of plaintiff scheduled for December 27, 1960. On the appointed date, plaintiff filed with the court a motion for protective order, seeking to restrain the taking of depositions of plaintiff by defendant. This is the phase of the matter presently before the court for disposition.

Utilization of the rules of discovery in an action for divorce is novel, insofar as this court is concerned. The genuine and valid purpose for the proposed depositions escapes the writer of this opinion. He cannot be unmindful of the fact that, sitting in the court of quarter

sessions as the hearing judge, he was exposed to two very long days of testimony in the action brought by the wife, defendant herein, against the husband, plaintiff herein. Much of the testimony developed therein bore directly upon the issue of the wife's entitlement to support, the conduct of the husband during cohabitation and the justification for the husband's withdrawal from the marital domicile, or lack of same. This, coupled with the length of the bill of particulars, supplemental bill of particulars, and the very fact of the subject matter of the proceedings obviously being fully known to both parties, compels the court to allow the motion for a protective order, precluding the taking of the requested depositions.

The purposes advanced in defendant's motion are twofold. First, she needs it to aid her in her preparation of an answer. The answer to a complaint in divorce is a very perfunctory pleading. Furthermore, the filing thereof is not essential to defendant's defense: Bonomo v. Bonomo, 123 Pa. Superior Ct. 451 (1936). Secondly, she needs the depositions to aid her in her preparation for trial. This is without merit. She knows the specific allegations to which she must respond, and to which plaintiff is limited in the presentation of his case. She has been married to defendant for more than 20 years. If, after that time, she doesn't know the subject matter of the proceedings in great particularity, then depositions of her husband are not going to help her: Applegate v. Applegate, 11 D. & C. 2d 471 (1957).

Our long standing practice of referring these matters to a master will permit defendant to be forewarned of plaintiff's evidence. As in all contested divorce actions, the master, appointed herein, is directed to hear *all* of the evidence that both parties seek to produce. Whether or not plaintiff can carry his burden of proving his case remains to be seen.

However, the court is of the opinion that to compel plaintiff to have his depositions taken by defendant would be merely a preview of the master's hearings. They are, under the circumstances, useless, repetitious, dilatory and a needless waste of time and money. The master has been appointed and he should set a date for his first hearing.

## Order

And now, January 23, 1961, the motion for a protective order is allowed.